### Ex parte SWIFT.

#### (District Court, E. D. of Missouri.)

**District and prosecuting attorneys ⬅8—Habeas corpus ⬅45(4)—Federal court without jurisdiction to discharge prisoner held by state officers without color of authority.**

A United States District Attorney is without even color of authority to order the arrest of a person without a warrant for alleged violation of a federal statute, and a federal court is without jurisdiction to issue a writ of habeas corpus for the discharge of a prisoner arrested for violation of the Volstead Act by state officers by oral direction of a District Attorney; such jurisdiction being in the state courts.

Habeas Corpus. Petition of William Swift for writ to secure discharge from custody. Denied for want of jurisdiction.

H. C. Morsey, of St. Louis, Mo., for petitioner.

FARIS, District Judge. Petitioner held by respondents O'Brien and Stinger, who are, respectively, chief of police and captain of police of the city of St. Louis, under the oral direction and request, as it is alleged, of the United States District Attorney and of the Special Assistant Attorney General, upon the charge of violating the provisions of the Volstead Act, seeks his discharge by writ of habeas corpus.

Primarily the question is one of jurisdiction. If this court has jurisdiction, then there is no doubt of petitioner's right to his liberty on the facts stated in his petition. His detention upon the paper showing made by him is in disregard of the law and of his rights as a citizen. But the question of jurisdiction is, of course, the first point to be settled, and I am unable to find that jurisdiction is vested in this court.

It is averred that petitioner is being held by O'Brien and Stinger, by the verbal direction of the District Attorney and the Special Assistant

Attorney General. I do not think that such direction has any more effect than a direction of any private citizen would have, for I know of no federal rule or statute so far making such officers conservators of the peace as to clothe either of them with the power to arrest without a warrant, or to order others to make arrests without warrants. Thus judicially noticing the utter lack of power and authority to make the direction pleaded, such direction is an utter nullity in law. It is just as good, but no better, than no direction at all, and so it confers no authority at all. I cannot even see that it constitutes color of law or color of authority, even if the allegation be true. See section 1674, Comp. Stats. Moreover, if on a hearing it should develop that not even any verbal direction was made, by the District Attorney or the Special Assistant to the Attorney General, this court would instantly lose jurisdiction of the case. Because O'Brien and Stinger are not federal officers, but officers of the state of Missouri, this court has neither jurisdiction over nor control of them. If a federal officer were thus holding petitioner under color of his office, or under color or authority of a federal statute, the case would, I think, be wholly different. If O'Brien or Stinger were holding petitioner by a federal warrant or other federal process, which was averred to be illegal, or possibly if they were holding petitioner under "color of a federal statute" or under "color of the authority of such a federal statute," there would be on the first assumption, jurisdiction in this court, and as forecast, there might exist such jurisdiction on the last proposition. But I judicially notice that a mere verbal request of the attorneys in this case is not color, or even a semblance of color, of either law or authority.

Because O'Brien and Stinger are state officers, as distinguished from federal officers, and because no question of the invasion of any right of petitioner given under any law of the United States, or vouchsafed to him by the Constitution of the United States, is raised, and because the mere verbal directions of the said attorneys are absolute nullities, I think this court has no jurisdiction.

But some court has jurisdiction. This jurisdiction is, I think, vested in the state courts. If to a writ of habeas corpus, issued by a state court, O'Brien and Stinger could make a return that petitioner is in truth being held by virtue of a warrant or commitment of a federal court, or of a commissioner of the United States for a federal offense, the state court would thereupon have no further jurisdiction; or if upon a hearing on such status developing, the state court would have to remand petitioner to custody. But obviously O'Brien and Stinger cannot excuse the detention of petitioner as against a writ of habeas corpus issuing from the state courts, upon the plea that petitioner is held by them for a federal offense under the verbal direction of persons having no authority to so direct. If to a writ from a state court such a return (absent any other authority) were made, it would instantly require the petitioner's discharge. The matter is one of substance. The state courts are not bound by specious excuses, nor by excuses having no foundation in law or authority. Tarble's Case, 13 Wall. 397, 20 L. Ed. 597, and the case of Ableman v. Booth, 21 How. 506, 16 L. Ed. 169, are cases which illustrate some of these views, and which make clear up-

on many phases the delimitations of state and federal jurisdiction in cases wherein such jurisdictions clash.

The case of Harvell, Ex parte (D. C.) 267 Fed. 997, does not even refer to the question of jurisdiction. Moreover, there was present in that case some "color of law" and "color of authority" under federal statutes, if "color of law" is at all analogous to color of title. But be all this as may be, I am not able to see the source of any jurisdiction to issue the writ. I am constrained to believe that ample jurisdiction inheres in the state courts in this case, absent a warrant or commitment from a federal judge or commissioner, or such warrant or commitment for violation of some federal statute issued by a judicial officer of the state (see section 1674, Comp. Stat.). I cannot be led to believe that the mere arbitrary entry upon the blotter that petitioner is being held for the violation of a federal statute, without more, either shears the state courts of jurisdiction over its own officers, or that such entry confers jurisdiction over such officers upon this court.

Deeming the issuance of the writ prayed for to be beyond my jurisdiction, it will be denied.